**PICKETT & CRAIG, ESQS**
Attorneys At Law
80 Main Street
West Orange, New Jersey 07052
(973) 762-0613
Attorney for Plaintiffs
Tony Motley, H. Grady James, Dorothy Handfield,
Deneen Washington, Lisa Brown and Rodney Daryn Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FILED JAN 24 2014 AT 8:30 WILLIAM T. WALSH CLERK

TONY MOTLEY, H. GRADY JAMES,
DOROTHY HANDFIELD, DENEEN
WASHINGTON, LISA BROWN AND
RODNEY DARYN MARTIN,

   Plaintiffs,

v.

STATE OPERATED SCHOOL
DISTRICT OF THE CITY OF NEWARK,
a body corporate and politic,
CAMI ANDERSON, in her official capacity
and individually,

   Defendants.

14-504 (WJM)

**VERIFIED COMPLAINT
FOR DECLARTORY JUDGMENT
AND INJUNCTIVE RELIEF /
*JURY DEMAND***

Plaintiffs Tony Motley, H. Grady James, Dorothy Handfield, Deneen Washington, Lisa Brown and Rodney Daryn Martin, by and through their attorneys, Pickett & Craig, Esqs, by way of complaint against Defendants State Operated School District of the City of Newark and Cami Anderson, say:

### I. NATURE OF THE ACTION

1. In this lawsuit, Plaintiffs challenge the constitutionality of the action of the Defendant Cami Anderson ("Defendant Superintendent"), acting on behalf of the Defendant State Operated School District of the City of Newark ("Defendant School District or District"), in suspending them from their respective school principal positions with the District for commenting in a public forum on or about January 15, 2014, about the School District's proposed reorganization and

school closure plan known as the "One Newark" Plan. See Exhibit A attached hereto. As detailed below, the Defendant Superintendent's actions infringe on Plaintiffs' "free speech", due process and equal protection rights in violation of the First and Fourteenth Amendments to the United States Constitution.

2. Plaintiffs seek (1) a declaratory judgment that the action of the Defendant School District and the Defendant Superintendent in suspending Plaintiffs from their job duties as school principals with the District are unconstitutional, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure; (2) a declaratory judgment that the action of the Defendant School District and the Defendant Superintendent in "banning" Plaintiff Martin from any and all District school buildings beginning January 16, 2014 to June 30, 2014 is unconstitutional, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure; (3) a declaratory judgment that the action of the Defendants violates the First and Fourteenth Amendments to the United States Constitution pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure; and (4) a request for temporary, preliminary and permanent injunction against the Defendants engaging in any future actions against the Plaintiffs as a result of them making any public comment about the implementation of their proposed reorganization and school closure plans[1] pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Court's inherent equitable powers; and (5) an award of attorneys' fees pursuant to 42 U.S.C. §1988.

## II. JURISDICTION AND VENUE

3. This Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331, as this case arises under 42 U.S.C. § 1983 and the Constitution of the United States. This Court also has subject-matter jurisdiction under 28 U.S.C. §1343(a)(3), because this action seeks to redress the deprivation, under color of State law, of rights secured by the Constitution and laws of the United States. By this action, the Plaintiffs seek to enforce rights guaranteed by the U.S. Constitution and pendant jurisdiction over any related state claims.

---

[1] See Statement from the Defendants about its "One Newark And Long-Term Ward Plans" (hereinafter

2

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 29 U.S.C. §201 *et seq*. A significant portion, if not all, of the events giving rise to the instant litigation occurred at the Defendants' schools and administrative offices located in the City of Newark, Essex County, New Jersey.

5. Plaintiffs have notified the Defendant School District and its general counsel of this action.

### III. PARTIES

**Plaintiffs**

6. Plaintiff Tony Motley is employed by Defendant Newark School District as Principal at the Bragaw Avenue School located at 103 Bragaw Avenue in the City of Newark. Plaintiff Motley has been a principal at Bragaw Avenue School (grades K – 8th) since 2006. Plaintiff Motley has been an employee of the Defendant Newark School District since 1999 first as Vice Principal at Vailsburg Middle School and later as Vice Principal at South 17th Street School and Principal at Martin Luther King School. Plaintiff Motley obtained tenure in the District in 2002.

7. Plaintiff H. Grady James is employed by Defendant Newark School District as Principal at the Hawthorne Avenue School located at 428 Hawthorne Avenue in the City of Newark. Plaintiff James has been a principal at Hawthorne Avenue School (grades K – 8th) since 2010. Plaintiff James has been an employee of the Defendant Newark School District since 2004 first as a teacher at Quitman Street School and later as Vice Principal at the same School and Principal at Martin Luther King School. Plaintiff James obtained tenure in the District in 2007.

8. Plaintiff Dorothy Handfield is employed by Defendant Newark School District as Principal at the Belmont Runyon Street School located at 1 Belmont Runyon Way in the City of Newark. Plaintiff Handfield has been Principal at Belmont Runyon Street School (grades preK – 8th) since 2008. Plaintiff Handfield has been an employee of the Defendant Newark School District since 2001 first as a teacher and later as Vice Principal at Madison Street School and George Washington Carver School. Plaintiff Handfield obtained tenure in the District in 2004.

9. Plaintiff Deneen Washington is employed by Defendant Newark School District as

3

Principal at the Maple Avenue School located at 33 Maple Avenue in the City of Newark. Plaintiff Washington has been Principal at Maple Avenue School (grades preK – 8th) since 2003. Plaintiff Washington has been an employee of the Defendant Newark School District since 1998 first as a teacher and later as Vice Principal at Louise A. Spencer and George Washington Carver Schools. Plaintiff Washington obtained tenure in the District in 2001.

10. Plaintiff Lisa Brown is employed by Defendant Newark School District as Principal at the Ivy Hill Elementary School located at 107 Ivy Street in the City of Newark. Plaintiff Brown has been Principal at Ivy Hill Elementary School (grades preK – 8th) since 2012. Plaintiff Brown has been an employee of the Defendant Newark School District since 1995 first as a teacher at 13th Avenue School. Later she left the District and was a rehired in 2004 becoming Vice Principal at Bragraw Avenue School. Plaintiff Brown obtained tenure in the District in 2007.

11. Plaintiff Rodney Daryn Martin is a resident of the City of Newark and an active and involved parent of two children who are enrolled in the Ivy Hill Elementary School in the District. Plaintiff Martin is the President of the Ivy Hill Elementary School Parent Teacher Organization ("PTO"). As President of the PTO, Plaintiff Martin is required to confer and meet with teaching staff members and administrative staff, including the Vice Principal and Principal of Ivy Hill Elementary School. Likewise, as a parent of students attending the Ivy Hill Elementary School, Plaintiff Martin is expected to meet with teaching staff members and administrators to discuss his children's academic performance and progress.

**Defendants**

12. Defendant Newark School District ("Defendant School District or District") is a public body and entity located at 2 Cedar Street in the City of Newark, County of Essex. In 1995, the State Board of Education acting pursuant to the then-applicable provisions of the Public School Education Act of 1975, *N.J.S.A.* 18A: 7A-1 et seq., as amended by L. 1976, c. 97, authorized the removal of Newark's local board of education and the creation of a State-operated school district. The Defendant School District administers and manages the public schools within

4

the City of Newark as required by the aforementioned statute and subject to the dictates and required regulatory approval of the New Jersey Department of Education and its Commissioner of Education.

13. Defendant Cami Anderson is the Superintendent of the Defendant District. Defendant Anderson was selected by Governor Chris Christie and appointed to the position by the State Board of Education on June 1, 2011. Defendant Anderson has the full authority to manage and supervise the educational activities of the Defendant District.

14. At all times relevant herein, the Defendants have acted, and will act, under color of state law.

## IV. BACKGROUND FACTS

15. On or about November 21, 2013, Defendant Anderson announced her proposed "One Newark" reorganization plan that calls for, *inter alia*, the universal enrollment of all District students and a reorganization that will impact over 28 of the District's 75 schools, including school consolidations, closings and the sale of school buildings to private interests[2].

16. The reorganization plan was developed by the Defendants behind closed doors without any meaningful community input[3].

17. As a direct result of how the "One Newark" plan was developed by the Defendants, the general public in the Newark community became concerned about the pending reorganization of the public school system in Newark and how the Defendants' "One Newark" Plan would impact the nearly 40,000 students and 5,000 teaching staff members and administrators, including Plaintiffs Motley, James, Handfield, Washington and Brown, with its proposed school consolidations and closures[4].

18. Shortly after the announcement of the proposed "One Newark" Plan, the general public, concerned parents and teachers in the Newark community organized a series of "public

---

[2] See Statement from the Defendants about its One Newark And Long-Term Ward Plans attached hereto as Exhibit A.
[3] See footnote 2 above.
[4] See numerous articles about the controversy and "public concern" surrounding the Defendants' One Newark Plan attached hereto as collectively Exhibit B.

5

forums" throughout the City to "discuss" the Defendants proposed "One Newark" Plan[5].

19. On January 15, 2014, a public forum was held at Hopewell Baptist Church in Newark at 7 P.M., with an estimated public audience of approximately 500 community residents wishing to have a full discussion about the Defendants' proposed "One Newark" Reorganization Plan, including the Plaintiffs who were participating in this public forum as private citizens who happen to be public employees in the District interested in addressing the issues of "public concern" presented by the "One Newark" Reorganization Plan[6].

20. Numerous residents attending the Hopewell Church public forum spoke about their dismay and concern with regard to the proposed "One Newark" reorganization plan.

21. After the initial round of public comments, Plaintiff Motley spoke first about the proposed reorganization plan and stated:

Thank you for fighting with us, and in terms of action steps we want the parents to know that any meeting that you have, our schools are available. Just let us know, whatever time it is. You should be using Board facilities to work out a Board problem. I just want to say, there's a lot of things that people don't know that's going on, cause we're not allowed, as principals, to talk to the press. So there's a lot of things that we can't say, that we say at some of the meetings we attend. But understand, we know we're under attack. We've been under attack for years, before this even started. Our resources have been taken. Everything that could be done to make us not function. Teachers switched constantly. You have good teachers get taken out and given other teachers.

I have had resources at my school - ceiling fans that we ordered that they would not put up. I went to another school in another part of town, because you know we have two cities, and the same ceiling fans were put up, the one's that I was told could NOT be put up. Also, waiting for - we all wait - I think there were two summers where we had to wait to get things done in our schools because the Renew schools had to be opened. Looking at those Renew schools scores, THEY should be closed. I hate to say that ANY school in Newark should be closed - I'm sorry - Let's not say they should be closing. They should be looking at how Cami (Anderson) manages schools. Instead of looking at how WE manage schools, because we beat'em.

See website for transcript citation of what was said: http://blogs.edweek.org/teachers/living-in-dialogue/2014/01/newark_principals_speak_out_ge.html. See Exhibit C attached hereto.

22. Plaintiff James spoke next and indicated that:

---

[5] See footnote 4 above.
[6] See article reporting on public forum at Hopewell Baptist Church resulting on January 15, 2014, in the "Newark school boss Anderson cracks down on critics, suspends five principals in one day" attached hereto as Exhibit C.

6

As principal Motley shared, during these three years as principal, I have lost my technology coordinator, literacy coach, math coach, music teacher, librarian, guidance counselor and student assistant coordinator. We also have three years of consistent improvement on student achievement. In 2013 we hit our state targets in literacy, and exceeded in mathematics. But one of the most important things we can do for our community is to let them know who we are. No one should be able to come into our building to tell us who we are and what we are.

One of the things we've done aggressively is give student achievement data to parents, and break it down so they can understand what it is our students are doing well in, and where they need work. The other thing is we have a very strong parent liaison, Ms. Marr, she's in the hospital, she works from the hospital, and she has gotten together with our PTSA. We have Friday rallies every single Friday from 7:30 in the morning til 8:30 in the morning, and parents are coming out. We've had two community meetings with over 250 parents at each of those meetings. We have over 300 signatures on a petition. We organized a letter-writing campaign to Superintendent Anderson, organized by the PTSA, so our voices are being heard. We have to empower people with information. Our children are not ignorant - that they can do anything that they put their minds to, and we're actually getting it done. I want to commend Mr. Baraka, principal and councilman, for having the courage to stand out, and be bold enough to do that.

See website for transcript citation of what was said: http://blogs.edweek.org/teachers/living-in-dialogue/2014/01/newark_principals_speak_out_ge.html See Exhibit C attached hereto.

23. Plaintiff Handfield spoke next and indicated that:

I'm the prior principal at Belmont-Runyon Elementary school. As my colleagues said, we've been quiet for too long as administrators as to what's been going on in our buildings. We've been making it happen for our children regardless of the resources that have been taken away from us year after year after year, and it's just gone on too long. Like Councilman Baraka said, we do play a part in it, because we've kept it quiet, because we wanted school to be open for the children without them knowing what's going on in the background - I know I've been doing that. Even the staff - I don't tell them everything that goes on because you just want them to do their job, and not worry about the money, and what we don't have.

But it's gotten to the point, we can't make it happen off of nothing. We need your support. We've been having parent meetings and telling them the truth as to what's been going on. How are you selecting these schools? What's going to happen if you go to a school and they don't have the resources? What needs to be happening for us as a community? It's not ironic - it's always happening in the South Ward. We need your support. Please come out when we ask you to.

See website for transcript citation of what was said: http://blogs.edweek.org/teachers/living-in-dialogue/2014/01/newark_principals_speak_out_ge.html See Exhibit C attached hereto.

24. Plaintiff Washington spoke next and indicated that:

This is not the first . . . we've been penalized for years, told to keep quiet. For years we've had bad evaluations, and issues have been created around funding, inequities within the city of Newark. I'm from here. I grew up six blocks from here Prince Street Projects. I am a fighter. You

7

may not hear my words all the time, but now? I'm tired. I'm mad as hell. I'm trying to get my staff riled up and mad as hell too. Because that is the only way that they will listen. We are boycotting the application -- we're not doing it. Maple Avenue school is not listed on the applications. I have created my own password to go on, and Maple Avenue School is not listed. So my parents can't put Maple Avenue School as their first, second or third choice. And I was told today, "Maple no longer exists." The devil is a liar. Because I'm going down fighting. I will no longer stand still and stand quiet and let them do to our babies, whether it's Carver, or Maple, those are all of our kids in the South Ward. Maple is boycotting the application, we are getting together a panel discussion of leaders, because we have private vendors that pour millions of dollars...

See website for transcript citation of what was said: http://blogs.edweek.org/teachers/living-in-dialogue/2014/01/newark_principals_speak_out_ge.html See Exhibit C attached hereto.

25. Plaintiff Brown did not speak at this public forum but has been outspoken in other public forums as a private citizen to address the issues her school community has with the Defendants' "One Newark" Reorganization Plan.

26. Plaintiff Martin was banned him from all school District buildings, including Ivy Hill Elementary School, which his children attend, due to a January 15, 2014 incident during which he protested the removal of PTO meeting notices by District agents. See Exhibit D attached hereto. Plaintiff Brown was suspended for her continued support of Plaintiff Martin as the PTO President of her school and objection to his being "banned" by the Defendant District and its agents[7].

**V. Count One
Violation of the Plaintiffs'
First Amendment Right
of Free Speech As Guaranteed
By The United States Constitution**

27. Plaintiffs incorporate and re-allege each of the foregoing paragraphs as if fully set forth in this Count.

28. On or about Friday, January 18, 2014, Defendant Anderson, acting on behalf of the Defendant School District and in response to the foregoing public comments on a matter of public concern by the Plaintiffs Motley, James, Handfield and Washington, called each of the aforementioned Plaintiffs to her office and advised them, through Vanessa Rodriquez, the

---

[7] See letter from Defendant School District advising Plaintiff Martin that effective January 16, 2014 until June 30, 2014 that he is "... banned from all Newark Public School property and are prohibited from entering or accessing any and all District property, including Ivy Hill School..." as Exhibit D attached hereto.

8

Defendant District's Chief Talent Officer, that they were summarily suspended immediately and indefinitely for speaking publicly about the "One Newark" Plan[8].

29. Defendant Anderson provided each Plaintiff with a letter following her decision to suspend them from their school principal position with the Defendant School District that stated:

> Please be advised that an investigation has been launched regarding an **incident** that occurred on or about January 15, 2014. As a result, you have been placed on suspension effective immediately. You are not to report to any Newark Public School facility until further notice."
> [Emphasis added] *See Exhibit E attached hereto.*

30. The action of the Defendants was motivated by the fact that the afore-mentioned Plaintiffs made public comments about the "One Newark" Plan on January 15, 2014 at the Hopewell Baptist Church public forum[9].

31. Given the short timeframe between the Plaintiffs' public comments about the Defendant Anderson's "One Newark" Plan, there can be little doubt that the suspension of the Plaintiffs by the Defendants was motivated by the Plaintiffs' exercise of their First Amendment right to "free speech" on issues of "public concern " in the Newark community[10].

32. Although she did not speak out at the January 15 community meeting, Plaintiff Brown was also suspended on Friday, January 17, 2014 because she has been outspoken in addressing her parent community's concerns about the impact of the Defendant Anderson's One Newark reorganization plan. Plaintiff Brown created a plan to get her school's enrollment up, was planning to hold an Open Enrollment Fair on January 28, 2013 and gave out literature stating that Universal Enrollment is a lottery and encouraged parents to enroll their child now if they wanted them at Ivy Hill Elementary School next year. Plaintiff Brown also gave Plaintiff

---

[8] See letter from Defendants' Vanessa Rodriquez, Chief Talent Officer, advising Plaintiffs of their immediate suspension as a result of an "incident" on or about January 15, 2014 as Exhibit E attached hereto.
[9] See article reporting on public forum at Hopewell Baptist Church resulting in the "Newark school boss Anderson cracks down on critics, suspends five principals in one day" attached hereto as Exhibit C. See also another article on public forum at Hopewell Baptist Church resulting in the "Newark school boss Anderson cracks down on critics, suspends five principals in one day" attached hereto as Exhibit F.
[10] See Exhibits B, E & F cited earlier at footnotes 4, 8 & 9 above.

9

Martin permission to post PTO meeting notices at her school entrances and objected to the District's summary "banning" of Plaintiff Martin from her school[11].

33. The action taken by the Defendants to suspend the school principal Plaintiffs was without precedent and violated Plaintiffs' First Amendment rights.

34. Plaintiffs believe, based on their many years of service and tenured status with the Defendant School District, that they would serve in their respective school principal positions absent good cause to remove them from their positions with the District absent good cause and the filing of tenure charges against them as required by *N.J.S.A.* 18A:6-10 through 18A:6-17.

35. By their action in suspending the Plaintiffs from their respective school principal positions with the District, the Defendants have launched a concerted effort to undermine, intimidate and coerce employees of the District, including the Plaintiffs, and members of the public (like Plaintiff Martin/See Count Two below) into agreeing with them on all issues related to any proposed reorganization plan of the School District, including possible school closures and consolidation, and thus effectively denying the Plaintiffs, other District employees and private citizens (like Plaintiff Martin) an opportunity to make public comment on any educational issue of concern to the public as private citizens and, as such, denying Plaintiffs their First Amendment right to free speech[12].

36. The Defendants have set in motion a plan to assume control over the "public discourse" and "public perception" and any possible "opposition" to any plans they may have for educational reform and reorganization in the School District and to isolate those employees, citizens and residents of Newark who might disagree with their educational reorganization plans[13].

37. The Defendants' letter to the Plaintiffs Motley, James, Handfield and Washington dated January 17, 2014, indicated that they were being suspended as a result of ". . . an **incident**

---

[11] See letter from Defendant School District advising Plaintiff Martin that effective January 16, 2014 until June 30, 2014 that he is ". . . banned from all Newark Public School property and are prohibited from entering or accessing any and all District property, including Ivy Hill School. . . " attached hereto as Exhibit D.
[12] See numerous articles about the controversy and public concern surrounding the Defendants' One Newark Plan attached hereto as collectively Exhibit B.
[13] See footnote 12 above.

10

that occurred on or about January 15, 2014"[14].

38. The action of the Defendants in suspending the Plaintiffs from their respective principal positions with the District was totally arbitrary and capricious and was also the result of conspiratorial activities of the Defendants who were and are intent on silencing the Plaintiffs, other District employees, parents and students and ordinary citizens and residents of the District, from speaking out on issues of public concern and importance[15] to the public community in Newark and in the State by their infringement on the Plaintiffs' First Amendment right to comment publicly about the Defendants' One Newark reorganization plan. The actions of the Defendants have resulted in irreparable injury to Plaintiffs and are in violation of the Constitution and Plaintiffs' civil rights.

39. Defendants, acting under color of state law, intentionally, deliberately and knowingly suspended and/or punished Plaintiffs for the exercise of rights guaranteed by the First and Fourteenth Amendments and deprived Plaintiffs of their rights without due process of law, in contravention of the Fourteenth Amendment to the Constitution of the United States and guaranteed in 42 U.S.C. §1983, rendering Defendants liable to Plaintiffs in law and equity.

40. The acts of the Defendants, individually and in concert, were maliciously and intentionally designed to deprive the school principal Plaintiffs of their First and Fourteenth Amendment rights and to expose them to public ridicule and scorn, and injure their reputation and character as school principals by suggesting in no vague terms that Plaintiffs had done something wrong based on an unnamed or unidentified "incident" that occurred on January 15, 2014. The action of the Defendants has been arbitrary and capricious entitling Plaintiffs to compensation for emotional distress and embarrassment suffered as a direct result of Defendants malicious acts.

---

[14] See letter from Defendants' Vanessa Rodriquez, Chief Talent Officer, advising Plaintiffs of their immediate suspension as a result of an "incident" on or about January 15, 2014 as Exhibit E attached hereto.
[15] See footnote 12 above.

11

## VI. Count Two
## Violation of First Amendment Right
## Of Free Speech As Guaranteed
## By The United States Constitution
## As To Plaintiffs Brown and Martin

41.     Plaintiffs incorporate and re-allege each of the foregoing paragraphs as if fully set forth herein.

42.     On or about January 15, 2014, Plaintiff Martin, in his capacity as President of the Ivy Hill Elementary School PTO, distributed and posted PTO meeting notices on the entrance doors at the Ivy Hill Elementary School for a meeting of the PTO on the next day, January 16, 2014 at 6 P.M[16].

43.     During the course of posting the PTO notices at the Ivy Hill Elementary School, Plaintiff Martin observed District employees, Assistant Superintendent Tiffany Hardwick and Special Assistant Gary Beidleman ("District Agents"), "ripping" the placed PTO meeting notices off entrance doors to the school.

44.     Plaintiff Martin confronted the District employees and asked why were they removing the PTO meeting notices from the school doors since he had authorization to post PTO notices on the school doors from the school principal, Plaintiff Brown.

45.     Plaintiff Brown, after hearing about the "PTO" posting incident involving the District agents, Assistant Superintendent Tiffany Hardwick and Special Assistant Gary Beidleman, politely objected to the District's summary "banning" of Plaintiff Martin from her school.

46.     As a direct result of Plaintiff Martin's protest of the action of the District employees in removing the PTO notices and his assertion that the posting of the PTO meeting notices were within his "First Amendment rights", the Defendants have "banned" him from all District buildings, including the Ivy Hill Elementary School building where his PTO usually meets to discuss educational issues affecting parents and students attending the school[17].

---

[16] See letter from Defendant School District advising Plaintiff Martin that effective January 16, 2014 until June 30, 2014 that he is "... banned from all Newark Public School property and are prohibited from entering or accessing any and all District property, including Ivy Hill School... " attached hereto as Exhibit D.
[17] See footnote 15 above.

47. As a direct result of Plaintiff Brown's support of Plaintiff Martin's protest of the actions of the District employees in removing the PTO notices from her school doors after she gave Plaintiff Martin permission to post the PTO notices in exercise of his "First Amendment rights", the Defendants summarily suspended her on January 17, 2014 from her position as school principal of Ivy Hill Elementary School.

48. The acts of the Defendants, individually and in concert, were maliciously and intentionally designed to deprive Plaintiffs Martin and Brown of their First and Fourteenth Amendment rights and to expose them to public ridicule and scorn, and injure their reputation and character as PTO President for the Ivy Hill Elementary School and as Principal of Ivy Hill Elementary School by suggesting in no vague terms that (1) Plaintiff Martin had engaged in "offensive" conduct that warranted his being "banned" from all District buildings and (2) that Plaintiff Brown's support of Plaintiff Martin's assertion of his First Amendment rights was improper. The action of the Defendants toward Plaintiffs Brown and Martin has been arbitrary and capricious entitling Plaintiffs Brown and Martin to compensation for emotional distress and embarrassment suffered as a direct result of Defendants malicious acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief jointly and severally against the Defendants:

49. The Court enter a temporary and permanent injunction against the Defendants from suspending Plaintiffs from their respective school principal positions with the Defendant School District in violation of the Plaintiffs' First Amendment right to exercise free speech about matters of public concern at the public meeting held at Hopewell Baptist Church on January 15, 2014; and

50. A declaratory judgment that the action of Defendants in suspending Plaintiffs from their respective school principal positions with the School District was improper and in violation of the Plaintiffs' First Amendment right to exercise free speech; and

51. A declaratory judgment that the action of Defendants in "banning" Plaintiff

Martin from all District buildings and facilities was improper and in violation of the Plaintiff Martin's First Amendment and Fourteenth Amendment right to exercise free speech and to have some form of due process before he is banned from the District's school buildings and facilities for the exercise of his right to free speech; and

52. Award Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and such other statutory and common law provisions as may be applicable; and

53. Award damages for the violation of Plaintiff's Constitutional rights, punitive damages for the violation of those same rights, pre- and post-interest, damages for emotional distress and damage to the reputation of the Plaintiffs, reformation of Plaintiffs' employment records and grant such other and further relief as may be necessary and proper to restore the *status quo ante.*

54. That the court accept pendant jurisdiction over the claims herein with the claim set froth in Count One above.

55. Such other relief as is equitable and just.

*A Jury Trial is demanded on all counts.*

**PICKETT AND CRAIG, ESQS.**
Attorneys for Plaintiffs

By: _____
Robert T. Pickett

Dated: January 24, 2013

# VERIFICATION

STATE OF NEW JERSEY
COUNTY OF ESSEX

14-504 (WJM)

Lisa Brown, being duly sworn according to law, says:

1. I am the Plaintiff in this proceeding.

2. The facts set forth herein are true to the best of my knowledge and belief.

I hereby certify that the foregoing statements in the Complaint herein are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*[signature]*
Lisa Brown

Dated: January 24, 2013

18

## VERIFICATION

STATE OF NEW JERSEY
COUNTY OF ESSEX

14-504 (WJM)

H. Grady James, being duly sworn according to law, says:

1. I am the Plaintiff in this proceeding.

2. The facts set forth herein are true to the best of my knowledge and belief.

I hereby certify that the foregoing statements in the Complaint herein are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

_____
H. Grady James

Dated: January 24, 2013

## VERIFICATION

STATE OF NEW JERSEY
COUNTY OF ESSEX

Dorothy Handfield, being duly sworn according to law, says:

1. I am the Plaintiff in this proceeding.

2. The facts set forth herein are true to the best of my knowledge and belief.

I hereby certify that the foregoing statements in the Complaint herein are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

_____
Dorothy Handfield

Dated: January 24, 2013

**VERIFICATION**

STATE OF NEW JERSEY
COUNTY OF ESSEX

14-504 (WJM)

Deneen Washington, being duly sworn according to law, says:

1. I am the Plaintiff in this proceeding.

2. The facts set forth herein are true to the best of my knowledge and belief.

I hereby certify that the foregoing statements in the Complaint herein are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*Deneen Washington*
Deneen Washington

Dated: January 24, 2013

# VERIFICATION

STATE OF NEW JERSEY
COUNTY OF ESSEX

14-504 (WDM)

Rodney Daryn Martin, being duly sworn according to law, says:

1. I am the Plaintiff in this proceeding.

2. The facts set forth herein are true to the best of my knowledge and belief.

I hereby certify that the foregoing statements in the Complaint herein are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*Rodney Daryn Martin*
Rodney Daryn Martin

Dated: January 24, 2013